IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ANTHONY TURNER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-11-3731
CRIMINAL NO.: WDQ-08-0185

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Anthony Turner was sentenced to 188 months in prison for being a felon in possession of a firearm. For the following reasons, the Court will deny Turner's *pro se* motions (1) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and (2) for his sentencing transcript. The Court will grant the Government's motion to dismiss.[1]

I. Background

On October 16, 2008, Turner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 17. On January 9, 2009, the Court found that Turner was an armed career criminal[2] and sentenced him to 188 months

---

[1] No hearing is necessary. See Rule 8 of the *Rules Governing § 2255 Proceedings*.

[2] An offender is an armed career criminal and subject to an enhanced sentence under the U.S. Sentencing Guidelines if he

imprisonment. ECF No. 26. On January 21, 2009, the Court amended the judgment to clarify that the start date of the sentence was Turner's January 7, 2008 arrest date. ECF No. 32. On February 5, 2009, the Clerk of the Court entered the amended judgment on the docket. *See id.*; ECF No. 39 at 2.

On May 4, 2011, Turner filed a § 2255 motion and a notice of appeal. ECF Nos. 33, 35. On May 12, 2011, the Court dismissed the § 2255 motion without prejudice, subject to re-filing after the conclusion of Turner's appeal. ECF No. 38. On July 15, 2011, the Fourth Circuit dismissed Turner's appeal as untimely.[3]

On December 27, 2011, Turner filed this § 2255 motion. ECF No. 48. On January 19, 2012, he moved for his sentencing transcript. ECF No. 50. On March 2, 2012, the Government moved to dismiss Turner's § 2255 motion as untimely. ECF No. 52. On June 13, 2012, the Court ordered Turner to explain why his motion is timely or why he is otherwise entitled to equitable tolling. ECF No. 53. On July 10, 2012, Turner responded to the

---

violates 18 U.S.C. § 922(g) and "has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." *See* 18 U.S.C. § 924(e)(1); U.S. Sentencing Guidelines Manual § 4B1.4. Turner had three predicate convictions: (1) a 2000 possession of drugs with intent to distribute, (2) a 2002 robbery, and (3) a 2003 assault. Presentence Report 5.

[3] ECF Nos. 39, 40. A criminal defendant must file a notice of appeal within 14 days after entry of judgment. Fed. R. App. P. 4(b)(1)(A).

Court's order, arguing that denial of his motion would "result in a complete miscarriage of justice." ECF No. 54.

II. Analysis

A. Statute of Limitations for § 2255 Motions

Petitions under 28 U.S.C. § 2255 must be filed within one year of the date on which (1) the judgment of conviction became final, (2) the Government stopped acting unlawfully to prevent the petitioner from filing, (3) a retroactive right was initially recognized by the Supreme Court, or (4) facts supporting the claim could have been discovered through due diligence. 28 U.S.C. § 2255(f).

The statute of limitations is subject to equitable tolling only when the petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Id.*

B. Timeliness of Turner's § 2255 Motion

In his § 2255 motion, Turner argues that carrying a concealed firearm is not a predicate offense for armed career criminal status and, thus, his sentence was unlawfully enhanced, in violation of 18 U.S.C. § 922(g)(1) and *Begay v. United*

3

*States*, 553 U.S. 137 (2008).[4]

The Government argues that Turner's § 2255 motion is untimely because his conviction had become final--and the one-year limitations period had expired--before he appealed to the Fourth Circuit. ECF No. 52 at 2-3. The Government contends that the untimely appeal did not "reset" the limitations period for the § 2255 motion, and Turner has not shown unlawful Government action preventing his timely filing, a retroactive right,[5] or new facts under § 2255(f). *Id.* at 3-4.

Turner's § 2255 petition is untimely. His conviction became final on February 19, 2009, 14 days after the amended judgment was entered.[6] He did not file this § 2255 petition until December 27, 2011--nearly two years after the one-year

---

[4] ECF No. 48 at 1. In *Begay*, the Supreme Court held that driving under the influence was not a "violent felony" for purposes of the Armed Career Criminal Act because it did not involve "purposeful, violent, and aggressive" conduct. *Begay*, 553 U.S. at 142-45. In *United States v. Archer*, the Eleventh Circuit applied *Begay* to hold that carrying a concealed firearm without a license was not a crime of violence. 531 F.3d 1347, 1349-52 (11th Cir. 2008), *cited in* ECF No. 48 at 1-2.

[5] The Government argues that Turner's reliance on *Begay*--which the Government construes as a retroactive right argument--is inapposite, because the Court did not use a concealed weapon conviction to enhance Turner's sentence. ECF No. 52 at 3. *See also* note 2, *supra*.

[6] ECF No. 32; *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal . . . , his . . . conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."), *cited in United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001).

4

limitations period had lapsed. See ECF No. 48; 28 U.S.C. § 2255(f). Turner's untimely notice of appeal, filed on May 4, 2011, did not restart the clock.[7]

Turner has not shown unlawful Government action preventing his timely filing, new facts, or a retroactive right.[8] Turner has also failed to show "extraordinary circumstances" necessary for equitable tolling. See Rouse, 339 F.3d at 246. In his response to the Court's June 13, 2012 order, Turner merely repeats his Begay argument and contends that dismissing his 2255 petition would "result in a complete miscarriage of justice." ECF No. 54.

Because Turner has failed to timely file his § 2255 motion or establish extraordinary circumstances necessary for equitable tolling, the Court must grant the Government's motion to dismiss.

C. Turner's Motion for Sentencing Transcript

On January 12, 2012--after he filed his § 2255 motion--Turner moved for a copy of his sentencing transcript. ECF No.

---

[7] See Romero v. United States, Case No. AW-11-1806, 2011 WL 6026299, at *3 (D. Md. Dec. 2, 2011) (untimely notice of appeal did not toll one-year limitations period for § 2255 motion); Woods v. United States, Case No. 3:07CV155, 2008 WL 3926450, at *2 (N.D. W. Va. Aug. 20, 2008) (same).

[8] See § 2255(f). Begay is unavailing because Turner's sentence was not enhanced on the basis of a concealed weapon conviction; his predicate offenses under the Armed Career Criminal Act were (1) possession of drugs with intent to distribute, (2) robbery, and (3) assault. See Presentence Report 5.

5

50. He argued that he was indigent, "already ha[d] one motion in," was "trying to start on another one," and needed the transcript "to help get in [the] other motion." Id.

A pending § 2255 motion is a precondition to requesting transcripts at court expense.[9] Because Turner's § 2255 motion is not properly before the Court, see supra Part II.B, he is not entitled to transcripts at public expense.[10] The Court must deny his motion for his sentencing transcript.

D. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. See 28 U.S.C. § 2253(c)(1). When relief is denied on procedural grounds, a COA may issue only if the petitioner has established that the dispositive procedural ruling is debatable. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, there is no

---

[9] See 28 U.S.C. 753(f) ("Fees for transcripts furnished in proceedings brought under section 2255 . . . to persons permitted to sue . . . in forma pauperis shall be paid by the United States . . . if the trial judge . . . certifies that the suit . . . (1) is not frivolous and (2) that the transcript is needed to decide the issue presented by the suit or appeal.").

[10] See Lyle v. United States, Case No. JFM-09-727, 2009 WL 901523, at *2 (D. Md. Mar. 31, 2009) (denying motion for transcript because defendant had improperly filed a successive § 2255 motion without Fourth Circuit certification). Had Turner's § 2255 motion been timely, the Court would have denied his motion for transcripts, because he has not shown a particularized need. See United States v. Shoaf, 341 F.2d 832, 833-34 (4th Cir. 1964) ("An indigent is not entitled to a transcript at government expense . . . merely to comb the record in the hope of discovering some flaw.").

Case 1:08-cr-00185-RDB   Document 55   Filed 07/31/12   Page 7 of 7

question that Turner's motion--raising an irrelevancy (i.e., his argument about a conviction that was not used to enhance his sentence--is untimely. The Court will not issue a COA.

III. Conclusion

For the reasons stated above, the Court will deny Turner's motions (1) to vacate, set aside, or correct his sentence, and (2) for his sentencing transcript. The Court will grant the Government's motion to dismiss.

_____7/27/12_____          _____/s/_____
Date                            William D. Quarles, Jr.
                                United States District Judge